UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 08-61367-CIV-COHN/SELTZER

ANITA CORMACK,

   Plaintiff,

v.

NORTH BROWARD HOSPITAL DISTRICT
d/b/a BROWARD HEALTH,

   Defendant.
_____/

## ORDER DENYING MOTION TO STRIKE

THIS CAUSE is before the Court upon the Defendant's Motion to Strike [DE 32], contained within its Answer [DE 29].  The Court has carefully considered the motion, Plaintiff's response [DE 33] and Plaintiff's Notice of Voluntary Dismissal of Count I [DE 34].

Defendant has moved to strike various allegations in the Complaint that pertain to Plaintiff's claim for age discrimination because it takes the position that this particular cause of action is time-barred.   Plaintiff filed a response, agreeing that the claim was time-barred and has dismissed Count I of her complaint.  However, Plaintiff requests that the motion to strike be denied, as the allegations in those paragraphs Defendant seeks to strike has some relevance to her other claims[1] (as to which Defendant filed an Answer).

Pursuant to Rule 12(f) of the Federal Rules of Civil Procedure, "upon motion made by a party ... the court may order stricken from any pleading any insufficient defense." Though disfavored in federal practice, a motion to strike may be granted with regard to a

---

[1] Defendant seeks to strike paragraphs 7, 9 and 14-29, which are part of Plaintiff's "General Allegations."

defense, or parts of a defense, that can have no possible bearing upon the subject matter of the litigation.  <u>Craig Funeral Home, Inc. v. State Farm Mutual Automobile Ins. Co.</u>, 254 F.2d 569, 572 (5th Cir. 1958).[2]

In this case, the Court concludes that the motion to strike be denied.  It is possible that the allegations in the paragraphs sought to be stricken could have some evidentiary relevance to the remaining claims.  Whether they are admissible in this case is an evidentiary question, but one that will be determined later in the case.  At this point, with the dismissal of Count I, the Court agrees with Plaintiff that the motion to strike should be denied.

Accordingly, it is **ORDERED and ADJUDGED** that Defendant's Motion to Strike [DE 32] is hereby **DENIED**.

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Broward County, Florida, this 2nd day of February, 2009.

JAMES I. COHN
United States District Judge

copies to:

counsel of record on CM/ECF

---

[2] The decisions of the United States Court of Appeals for the Fifth Circuit, as that court existed on September 30, 1981, handed down by that court prior to the close of business on that date, shall be binding as precedent in the Eleventh Circuit, for this court, the district courts, and the bankruptcy courts in the circuit.  <u>Bonner v. Pritchard</u>, 661 F.2d 1206, 1207 (11th Cir. 1981) (en banc).