UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 08-61367-CIV-COHN/SELTZER

ANITA CORMACK,

　　　　Plaintiff,

v.

NORTH BROWARD HOSPITAL DISTRICT
d/b/a BROWARD HEALTH,

　　　　Defendant.
_____/

**ORDER ON MOTIONS IN LIMINE and MOTION TO STRIKE**

THIS CAUSE is before the Court upon Defendant's Motion in Limine to Exclude Evidence of Agency Determination [DE 70], Defendant's Motion in Limine to Exclude Testimony and Evidence of Plaintiff's Damage Calculations [DE 71], Defendant's Motion in Limine to Exclude Plaintiff's Personal Notes [DE 72], Defendant's Motion in Limine to Exclude EEOC documents in DE 66-3 and DE 66-4 [DE 73], and Defendant's Motion to Strike Exhibits from Plaintiff's Trial Exhibit List [DE 105].  The Court has carefully considered all of the parties' submissions, has heard the argument of counsel as to some of these motions at a hearing held on August 21, 2009, and is otherwise fully advised in the matter.

I.  BACKGROUND

Plaintiff Anita Cormack ("Plaintiff") filed this complaint in federal court against her former employer, North Broward Hospital District, d/b/a Broward Health ("Defendant"), alleging claims for retaliation and age discrimination under various applicable statutes.  This Court granted in part Defendant's motion for summary

judgment as to all retaliation claims, but denied Defendant's motion as to the age discrimination claim under the Age Discrimination in Employment Act ("ADEA").[1]

## II. DISCUSSION

### A.  **Defendant's Motion in Limine to Exclude Evidence of Agency Determinations**

Defendant seeks to exclude the EEOC determination letter that the agency found reasonable cause to believe that Plaintiff was terminated on the basis of her age. See Exhibit 4 to Plaintiff's Response to Motion [DE 90-5].  Plaintiff opposes the motion as Defendant's counsel failed to confer prior to filing of the motion and argues that the EEOC determination is a finding of fact.  The Court initially determines that Defendant did make a reasonable effort to confer and that on this essentially legal issue of admissibility, no compromise was viable between the parties even if a full conference had taken place.

The Eleventh Circuit has stated that district courts must make determinations on a case by case basis whether to admit EEOC documents in a discrimination case before a jury.  Barfield v. Orange County, 911 F.2d 644, 650 (11th Cir. 1990).  The relevant factors are whether the documents contain legal conclusions in addition to factual content, whether questions of trustworthiness are raised pursuant to Fed.R.Ev. 803(8)(c), and whether the evidence presents prejudice issues pursuant to Rule 403.

The particular document at issue in this motion is the EEOC "Letter of

---

[1] For a full description of this case, the Court refers the reader to its Omnibus Order on Motion for Summary Judgment and Motions to Strike [DE 113].

Determination" stating that "the evidence obtained during the investigation establishes that there is reasonable cause to believe that a violation of the Age Discrimination in Employment Act has occurred. . . ." Letter of Determination [DE 90-5]. This determination is not simply a finding of fact but a legal conclusion that is likely to confuse a jury into thinking that the decision as to whether discrimination occurred has already been made by a federal agency. Under Rule 403, this Court concludes that any probative value is outweighed by the prejudicial nature of this evidence. Defendant's Motion in limine is therefore granted as to these Letters of Determination.

### B. Defendant's Motion in Limine to Exclude Testimony and Evidence of Damage Calculations for Failure to Previously Disclose

Defendant seeks to exclude testimony and evidence of Plaintiff's damage calculations, arguing that Plaintiff never identified any computation of damages in her initial disclosures, her responses to Defendant's interrogatories, or at her deposition, despite Defendant's requests to do so. Plaintiff asserts that it provided damage calculations in two separate letters to Defendant's counsel, and that during her deposition, Plaintiff testified that her damages included the categories of lost wages, bonuses, and reduced pension, plus mental anguish and embarrassment. Plaintiff's deposition at 195-96 [DE 64-4]. Plaintiff also argues that Defendant's failure to move to compel better responses to discovery created the present situation on the eve of trial. Plaintiff notes that she does not plan to call any expert witnesses.

In reply, Defendant asserts that the letters Plaintiff relies upon to show the

calculations were transmitted to Defendant are inadmissible settlement documents. However, while inadmissible, these letters nonetheless provided knowledge to Defendant's counsel of the mathematical calculations of the lost wages, bonuses and pension.  Plaintiff has previously disclosed the categories of damages.  Once Plaintiff disclosed the date she intended to retire, the actual calculations are straightforward and not complicated.

The Court concludes that Defendant has not been prejudiced by Plaintiff's failure to formally supplement her own discovery responses to include damage calculations. These calculations are not complicated and do not require expert testimony.  Plaintiff disclosed in her deposition the categories of damages she is seeking.  The motion in limine is therefore denied.

### C.  Defendant's Motion in Limine to Exclude Plaintiff's Personal Notes

Defendant seeks to exclude voluminous personal notes allegedly kept by Plaintiff.  These notes were a source of controversy during discovery as they were disclosed late and resulted in a continuance of all deadlines at one point [DE 46-47, 52].  Defendant argues these notes are hearsay and not admissible under a present sense impression exception or recorded recollection.

Plaintiff opposes the motion, noting again that Defendant failed to confer. Plaintiff agrees the notes are hearsay, but that portions would not be hearsay if consistent with Plaintiff's trial testimony and offered to rebut an implied charge of fabrication.  Plaintiff also suggests that with a proper predicate the notes could be read

to the jury as a recorded recollection under Rule 803(5) or used by Plaintiff to refresh her recollection under Rule 612. Plaintiff is not seeking a present sense impression exception.

In reply, Defendant argues that a prior consistent statement under Rule 801(d)(1)(B) must be made before the alleged fabrication and that Plaintiff has conceded that she does not recall the precise date most of the notes were written. Defendant asserts that because Plaintiff's conflict with Defendant began on August 30, 2005, none of her written notes after that date could qualify as a prior consistent statement under the Rule. Such an assertion, however, paints with too broad a brush with regard to particular events between September of 2005 and April of 2006. There may very well be significant problems with the temporal requirement for admission as a prior consistent statement, but the Court will defer ruling on this issue until Plaintiff's testimony at trial.[2]

As to the recorded recollection exception, again, while Plaintiff has conceded that some of the notes were not created at the time of the purported events reflected in the notes, the Court will not rule at this time that none of the notes could be considered a recorded recollection. If Plaintiff plans on attempting to introduce any such notes during Plaintiff's direct examination, Plaintiff shall notify the Court and proffer the specific notes at the conclusion of jury selection.

---

[2] Plaintiff is therefore instructed to bring to the Court's attention the specific written notes that she intends to use during the trial shortly before Plaintiff's cross-examination is completed to afford the Court the opportunity to review and rule upon any objections without inconveniencing the jury during that time.

### D.  Defendant's Motion in Limine to Exclude Documents from EEOC Investigatory File

This motion is similar to the motion to strike that the Court denied in its Omnibus Order on the motion for summary judgment.  Defendant seeks to exclude letters to and from the EEOC, including letters from Defendant's prior counsel, Christopher L. Smith, Esq [DE 66-3 and DE 66-4].  Defendant argues that these documents are hearsay and contain erroneous statements by a prior outside counsel, and their probative value is outweighed by the prejudicial nature.

Plaintiff argues that the letters from Defendant's then counsel are not hearsay, but are admissions of a party opponent and authenticated as public records of the EEOC.  Plaintiff asserts the letters are highly probative of pretext given the allegedly changing position of Defendant as to the reason for Plaintiff's termination.  The Eleventh Circuit has stated that district courts must make determinations on a case by case basis whether to admit EEOC documents in a discrimination case before a jury. Barfield v. Orange County, 911 F.2d 644, 650 (11th Cir. 1990).  The relevant factors are whether the documents contain legal conclusions in addition to factual content, whether questions of trustworthiness are raised pursuant to Fed.R.Ev. 803(8)(c), and whether the evidence presents Rule 403 problems.

In its prior order, the Court concluded that the documents do not contain legal conclusions by the EEOC, but rather consist mostly of the position statement made by then counsel for Defendant to the EEOC in response to Plaintiff's charge of discrimination.  These statements are therefore statements attributed to a party

opponent and are not hearsay.  There is little question about the authentication of the documents from the EEOC, and as such, the Court will not require an EEOC records custodian to appear in person to testify as to the accuracy of her declaration.

The Court recognizes Defendant's argument that a prior counsel's erroneous factual statements do not bind a party as would a legal assertion.  Nonetheless, having reviewed the letters in question [DE 66-3 and DE 66-4], the Court concludes that the motion in limine should be denied, as the letters are admissible as either a statement of a party opponent for those sent by Defendant's counsel or under the hearsay exception of public records for those authored by an EEOC representative.

### E.  Defendant's Motion to Strike Certain Exhibits from Plaintiff's Trial Exhibit List

Defendant argues that 61 of the 397 exhibits on Plaintiff's list were not previously produced (until August 6) despite requests to do so. Plaintiff's response clarifies that there are three groups of documents:  1) Plaintiff's tax form 1099, which Plaintiff will not use at trial; 2) A May 11, 2006 letter from Defendant to Plaintiff regarding her pension plan; and 3) EEOC and Florida Commission on Human Rights ("FCHR") investigatory documents.

Turning first to the letter regarding the pension plan, Plaintiff argues that this letter was an exhibit to the deposition of Vincent Colonna, Defendant's corporate representative, and has been in Defendant's counsel possession since the March 31, 2009 deposition.  Plaintiff asserts that Defendant has never sought additional discovery as to this document, and cannot show prejudice.  The Court agrees.

Plaintiff concedes that the final group of documents from the EEOC and FCHR were not formally produced to Defendant until August 6, 2009, but explains this late production. First, Plaintiff did disclose these documents in its initial disclosure. However, upon receipt from the EEOC and FCHR, the original documents were misplaced, though an electronic version was retained. Plaintiff's counsel states that the original documents were located in another file and then produced on August 6. Plaintiff asserts that nearly 80% of the documents are correspondence from Defendant's counsel to these government agencies and thus are not unknown to Defendant. Plaintiff argues that Defendant cannot show prejudice, as even if certain documents were first seen on August 6, 2009, that is sufficient time to review to prepare for a September 1, 2009 trial date.

The Court concludes that these EEOC and FCHR, though produced late, do not cause sufficient prejudice to Defendant to warrant striking this evidence on this basis. The motion to strike is therefore denied.

### III.  CONCLUSION

Accordingly, it is **ORDERED and ADJUDGED** as follows:

1. Defendant's Motion in Limine to exclude evidence of agency determination [DE 70] is hereby **GRANTED**;

2. Defendant's Motion in Limine to Exclude Testimony and Evidence of Plaintiff's damage calculations [DE 71] is hereby **DENIED**;

3. Defendant's Motion in Limine to Exclude Plaintiff's Personal Notes [DE 72] is hereby **DENIED**, without prejudice;

4. Defendant's Motion in Limine to Exclude EEOC documents in DE 66-3 and DE 66-4 [DE 73] is hereby **DENIED**;

5. Defendant's Motion to Strike Exhibits from Plaintiff's Trial Exhibit List [DE 105] is hereby **DENIED.**

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Broward County, Florida, this 27th day of August, 2009.

_____
JAMES I. COHN
United States District Judge

copies to:

counsel of record as listed on CM/ECF